■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McCLOUD, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered June 22, 1976, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal also brings up for review the denial of defendant's motion to suppress his confession. Judgment affirmed. No opinion. Latham, Margett and Rabin, JJ., concur; Hopkins, J. P., dissents and votes to reverse the judgment, grant the motion to suppress the defendant's confession, vacate the plea of guilty and sentence, and remand to the County Court for further proceedings, with the following memorandum: The issue is whether, in the totality of the circumstances, the People have shown a legally sufficient waiver of the constitutional right to remain silent and to have counsel. On May 22, 1975, two months after his sixteenth birthday, defendant Michael McCloud was arrested in the basement of a liquor store. He was charged with the felony murder of the proprietor of the store, who had been fatally wounded during an attempted robbery. A short time later the gun used in the shooting was recovered near where defendant had been found hiding. Defendant had never been arrested before. One of the arresting officers, Detective Iannuzzi, testified at the *Huntley* hearing that as he drove with defendant to the police station, he read him the *Miranda* warnings from a card. This was corroborated by the other arresting officer. Defendant replied, by saying "Yeah", to the reading of the warnings. The detective did not, however, question him about the incident, because they were nearing the station. A second detective, Detective Rafferty, introduced himself to

defendant at the precinct, after being briefed by the arresting officers. Detective Rafferty testified that he also advised defendant of his rights and asked him if he understood them, which defendant said he did. Asked if he wanted to contact a lawyer, the defendant said, "No". Defendant agreed to talk about what had happened, and within an hour had confessed. When the defendant raises the claim of voluntariness of a confession, it is the duty of the appellate court to examine the record and make an independent determination of the claim *(Beckwith v United States,* 425 US 341, 348). Because it is presumed that custodial questioning denies an individual the power to choose to remain silent, a statement obtained under such circumstances is excluded, unless it is demonstrated that a knowing and intelligent waiver had been made *(Garner v United States,* 424 US 648, 657). In the absence of counsel, a heavy burden rests on the State to show a knowing and intelligent waiver of the right to remain silent and to have the assistance of counsel *(Miranda v Arizona,* 384 US 436, 475). Waiver has been defined as "an intentional relinquishment or abandonment of a known right or privilege" *(Johnson v Zerbst,* 304 US 458, 464). Although there is no rule barring waiver by minors *(United States ex rel. Stephen J. B. v Shelly,* 430 F2d 215, 218), I do not believe that the People have demonstrated here that defendant even knew the import of the constitutional rights he was read, let alone that he intelligently waived them. There was no testimony to show that the officers made any attempt to ascertain the level of understanding of which the 16 year old was capable. His "yeahs" were accepted as sufficient to permit the questioning to go forward. Defendant had just turned 16. If he had been arrested two months earlier, his mother would have had to be notified immediately that he was in custody (Family Ct Act, § 724). He had no prior experience with the law—he had never been arrested before. He had no work experience. In these circumstances, defendant's "yes" responses do not suffice to show a knowing and intelligent waiver of constitutional rights guaranteed to him. That is to say, where a defendant is immature and unsophisticated in dealing with the police, a knowing and intelligent waiver should not be inferred, in the absence of counsel, from the mere recitation of the *Miranda* warnings, accompanied by defendant's perfunctory "yes" responses. For these reasons, I dissent.